## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ANTHONY O. CURLETT, SR., | : | Case No. 3:20-cv-185 |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | District Judge Michael J. Newman |
| vs. | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| COMMISSIONER OF THE SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Anthony O. Curlett, Sr., brings this case challenging the Social Security Administration's partial denial of his application for Supplemental Security Income. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #13), the Commissioner's (Amended) Memorandum in Opposition (Doc. #20), Plaintiff's Reply (Doc. #17), and the administrative record (Doc. #9).

## I.    Background

The Social Security Administration provides Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. § 1382(a). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. § 1382c(a)(3)(A); *see Bowen,* 476 U.S. at 469-70.

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

In the present case, Plaintiff applied for benefits on July 11, 2014, alleging disability due to several impairments, including diabetes, neuropathy, a back injury, sleep apnea, and high blood pressure.  After Plaintiff's application was denied initially and upon reconsideration, he requested and received a hearing before Administrative Law Judge (ALJ) Gregory G. Kenyon.  Thereafter, the ALJ issued a written decision, denying Plaintiff's application for benefits.  The Appeals Council denied Plaintiff's request for review.

Plaintiff filed a previous suit in the United States District Court for the Southern District of Ohio and upon the parties' Joint Motion, the Court remanded the case.  *Curlett v. Berryhill*, 3:17cv357, Doc. #11 (S.D. Ohio May 9, 2018).  Thereafter, the Appeals Council remanded the case to ALJ Kenyon.  After a second hearing, ALJ Kenyon issued a second written decision addressing each of the five sequential steps set forth in the Social Security Regulations.  *See* 20 C.F.R. § 416.920.  He reached the following main conclusions:

Step 1:  Plaintiff has not engaged in substantial gainful employment since July 11, 2014.

Step 2:  He has the severe impairments of diabetes mellitus with associated neuropathy, lumbosacral degenerative disc disease, obstructive sleep apnea, hidradenitis suppurative, obesity, depression, anxiety disorder, borderline intellectual functioning, and adult attention deficit/hyperactivity disorder.

Step 3:  He does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:  His residual functional capacity, or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "sedentary work … with the following exceptions:  No more than occasional crouching, crawling, kneeling, stooping, balancing, or climbing of ramps and stairs.  No work on uneven surfaces, such as grass or gravel, or climbing of ladders, ropes, or scaffolds.  No driving of automotive equipment or work around hazards such as unprotected heights or dangerous machinery.  No concentrated exposure to temperature extremes or respiratory irritants.  The claimant is limited to performing jobs in which he would be permitted to use a cane for assistance when ambulating.  The claimant is

limited to performing unskilled, simple, repetitive tasks, without fast-paced production work requirements or in jobs involving strict production quotas. No more than occasional contact with supervisors, co-workers, and the general public. The claimant is limited to performing jobs in which there is very little, if any, change in the job duties or the work routine from one day to the next."

He has been unable to perform any of his past relevant work.

Step 5: Prior to September 4, 2017, the date Plaintiff's age category changed, he could perform a significant number of jobs that existed in the national economy.

(Doc. #9, *PageID* #s 1041-58). Based on these findings, the ALJ concluded that Plaintiff was not disabled prior to September 4, 2017, but became disabled on that date. *Id.* at 1057.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #9, *PageID* #s 1041-58), Plaintiff's Statement of Errors (Doc. #13), the Commissioner's Memorandum in Opposition (Doc. #20), and Plaintiff's Reply (Doc. #17). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II.    **Standard of Review**

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record.

3

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## III.     Discussion

Plaintiff contends that the ALJ failed to adequately consider his edema and parethesias; did not address his need to elevate his legs, and improperly evaluated the treating source opinions. The Commissioner maintains that the ALJ properly assessed the evidence related to Plaintiff's alleged functional limitations and the medical source opinions.

### A.     Plaintiff's Impairments & Functional Limitations

Plaintiff asserts that the ALJ failed to consider or even mention that the record shows that he repeatedly exhibited edema and paresthesias. (Doc. #13, *PageID* #1758). He points to records that indicate he had numbness and tingling in his fingers and feet, limited ambulation, ambulation by cane, and continual burning of his feet. *Id.* (citing Doc. #9, *PageID* #s 496, 540, 542, 619-20, 629, 653, 659, 756-57).

Although Plaintiff is correct that edema and paresthesias are mentioned in the medical records, *see* Doc. #9, *PageID* #s 527, 629, 660, the mere diagnosis of an impairment is insufficient to support a disability finding. *Higgs v. Bowen,* 880 F.2d 860, 863 (6th Cir. 1988) (citing *Foster v. Bowen,* 853 F.2d 483, 489 (6th Cir. 1988)). Instead, "disability is determined by the functional limitations imposed by a condition …." *Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014) (citation omitted).

Plaintiff's treating providers, Joni Koren, D.O., and Janet Smith, CNP, did not identify edema or paresthesias as one of Plaintiff's medical conditions in any of their medical opinions. (Doc. #9, *PageID* #s 561, 1385, 1391). Similarly, Mary Sroga, NP, did not list either in her evaluation forms. *Id.* at 559, 588. Amita Oza, M.D., who evaluated Plaintiff in October 2014, noted Plaintiff was without edema. *Id.* at 435. And, she did not mention paresthesias. *Id.* at 434-36. Indeed, no medical provider indicated that edema and paresthesias impaired Plaintiff in any way.

Nonetheless, Plaintiff is correct that the ALJ did not specifically mention edema or paresthesias in his decision. However, this does not constitute error because the ALJ recognized the symptoms Plaintiff points to and reasonably accounted for them in his residual functional capacity (RFC) assessment. For instance, the ALJ acknowledged that Plaintiff needed support when ambulating and restricted him to jobs where he could use a cane. *Id.* at 1052. He also limited Plaintiff to sedentary work to limit the total time he can be required to stand and/or walk during the workday. *Id.* The ALJ noted that Plaintiff had neuropathy in his feet and balance problems. *Id.* Accordingly, he found that Plaintiff could not work on uneven surfaces such as grass or gravel. *Id.* at 1050-52. Further, based on Plaintiff's pain symptoms, limited mobility, and concentration deficits, the ALJ limited Plaintiff to no driving of automotive equipment and no work around hazards such as unprotected heights or dangerous machinery. *Id.*

But, Plaintiff argues, the ALJ failed to explain why he did not include any limitations for elevation of the legs in his RFC assessment. Plaintiff contends that this error is not harmless because the vocational expert testified that an individual with Plaintiff's functional limitations who needed to elevate his legs above waist level while sitting down would be unable to sustain competitive employment. (Doc. #13, *PageID* #1760). In support, Plaintiff points to an article

from MedlinePlus that recognizes raising the legs above heart level while laying down for treatment of edema.  Plaintiff also relies on a note from his physical therapist that he "had decreased pain when lying supine with [both lower extremities] propped on traction stool at ~90/90."  (Doc. #9, *PageID* #962).

Plaintiff has not pointed to a medical opinion that indicates he must elevate his legs during any portion of an eight-hour workday to alleviate symptoms from edema and/or paresthesias.  Indeed, Plaintiff has not pointed to a medical opinion that specifically mentions edema or paresthesias.  Thus, the ALJ did not err in failing to discuss or failing to include a limitation for elevating legs in the RFC.  *See Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x 162, 170 (6th Cir. 2016) ("the ALJ was not required to include a limitation for elevating legs in the RFC because, although there were some treatment records that mentioned leg elevation as a treatment for edema, no physician indicated that Sorrell's edema caused work-related functional limitations, and no medical expert opined that Sorrell would need to elevate her feet to waist level during the workday or even every day.").

### B.    Medical Opinions

Social Security Regulations require ALJs to adhere to certain standards when weighing medical opinions.  "Key among these is that greater deference is generally given to the opinions of treating physicians than to those of non-treating physicians, commonly known as the treating physician rule."  *Rogers,* 486 F.3d at 242 (citations omitted).  The rule is straightforward:

> Treating-source opinions must be given "controlling weight" if two conditions are met: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record."

*Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (quoting in part 20 C.F.R. § 404.1527(c)(2)); *see Gentry*, 741 F.3d at 723.

6

If the treating physician's opinion is not controlling, "the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors." *Rogers*, 486 F.3d at 242 (citing *Wilson*, 378 F.3d at 544).

The Regulations also require ALJs to provide "good reasons" for the weight placed upon a treating source's opinions. *Wilson*, 378 F.3d at 544. This mandatory "good reasons" requirement is satisfied when the ALJ provides "specific reasons for the weight placed on a treating source's medical opinions." *Id.* (quoting Soc. Sec. R. 96-2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996)). The goal is to make clear to any subsequent reviewer the weight given and the reasons for that weight. *Id.* Substantial evidence must support the reasons provided by the ALJ. *Id.*

Plaintiff's treating providers, Joni Koren, D.O., and Janet Smith, CNP, completed three medical questionnaires between December 2015 and August 2017. (Doc. #9, *PageID* #s 561-62, 1385-86, 1391-93). In each, they opined that Plaintiff could stand/walk for five to ten minutes in an eight-hour workday and sit for ten to fifteen minutes (for a total of thirty minutes). He could lift/carry up to five pounds frequently and up to ten pounds occasionally. His ability to bend is extremely limited; his ability to push/pull, reach, and do repetitive foot movements is markedly limited; and his ability to see is moderately limited. They opined that he is unemployable. *Id.*

The ALJ assigned "little weight" to Dr. Koren and Ms. Smith's opinions.[2] *Id.* at 1054. He acknowledged that Dr. Koren is Plaintiff's treating physician and as such, her opinions "could

---

[2] The ALJ correctly recognized that Ms. Smith is not considered an acceptable medical source under the Regulations. *See* 20 C.F.R. §416.902(a).

even be given controlling weight ….” *Id.* He then provided several reasons, supported by substantial evidence, for discounting their opinions.

The ALJ discounted Dr. Koren's opinion because her "recommended levels of limitation are grossly disproportionate to the claimant's even complained-of level of limitation." *Id.* at 1054. The ALJ noted that in the most recent opinion, Dr. Koren opined Plaintiff can only stand for a total of ten minutes and sit for a total of thirty minutes in an eight-hour workday. This conflicts with Plaintiff's testimony at his first hearing in 2016; Plaintiff estimated that he could lift twenty to thirty pounds and sit for forty-five minutes to an hour. *Id.* at 124.

Additionally, Plaintiff's reports to his medical providers are not consistent with Dr. Koren and Ms. Smith's opinions. For instance, Plaintiff told to his podiatrist, Darrell Ballinger, DPM, in August 2014 that he was working out with heavy weights. *Id.* at 526. In February 2015, Plaintiff told him that he was working out five days a week. *Id.* at 494. He also told Abdul Shahid, M.D., that he was still going to the gym in February 2015. *Id.* at 699.

The ALJ also discounted Dr. Koren and Ms. Smith's opinions because they are not supported by medical testing that indicates Plaintiff had "mild-to-moderate levels of neuropathic pain and degenerative changes." *Id.* at 1054. Substantial evidence supports the ALJ's conclusion. For example, in September 2014, an x-ray of Plaintiff's lumbar spine revealed *mild* degenerative spurring L4-S1. *Id.* at 545. He had multilevel disc degeneration and spurring in his mid and lower thoracic spine. *Id.* at 547. An x-ray in August 2015 showed mild degenerative changes in Plaintiff's lumbar spine. *Id.* at 726, 1372. Further, an EMG in August 2014 showed *mild* diabetic peripheral polyneuropathy with *mild* distal lower extremity sensory involvement. *Id.* at 567.

Dr. Koren and Ms. Smith's opinions are inconsistent with the opinions of the record-reviewing physicians, Elizabeth Das, M.D., and Anne Prosperi, D.O. They opined that Plaintiff could lift and/or carry twenty pounds occasionally and ten pounds frequently. (Doc. #9, *PageID* #s 149, 166). He could stand/walk for a total of four hours and sit for six hours in an eight-hour workday. *Id.* He could occasionally use foot controls. *Id.* at 149-50, 166. They opined he must use a cane for ambulation. *Id.* at 150, 166. He can occasionally balance, stoop, kneel, crouch, crawl, and clim ramps/stairs. *Id.* at 150, 167. He can never climb ladders, ropes, or scaffolds and must avoid all exposure to hazards. *Id.* The ALJ assigned their opinions partial weight. *Id.* at 1053. While the record-reviewing physicians opined Plaintiff was capable of exertion consistent with light-level work subject to additional limitations, the ALJ found that Plaintiff was capable of only sedentary work based on "the extent of [Plaintiff's] complaints related to diabetic neuropathy and radiating pain in his legs and feet …." *Id.* at 1054.

Plaintiff correctly points out that Dr. Koren and Ms. Smith's opinion is consistent with one opinion from Mary Sroga, NP. (Doc. #13, *PageID* #1762); *see* Doc. #9, *PageID* #560. Ms. Sroga opined in October 2014 that Plaintiff could only stand/walk for five to ten minutes in an eight-hour workday and sit for ten to fifteen minutes at a time for a total of thirty minutes in an eight-hour workday. (Doc. #9, *PageID* #s 560, 1054). However, Dr. Koren and Ms. Smith's opinions are not consistent with Ms. Sroga's second opinion. In January 2015—only three months after her first opinion—Ms. Sroga's opinion changed significantly. She opined Plaintiff can stand/walk for one hour, sit for eight hours, and lift twenty pounds. *Id.* at 588. He can occasionally bend and squat. *Id.* The ALJ reasonably assigned Ms. Sroga's opinions "little weight" in part because the opinions were "wildly divergent and inconsistent." *Id.* at 1054. Further, the ALJ rejected Ms.

9

Sroga's opinion because he "could find nothing in the record to indicate that the claimant can only stand for minutes at a time or sit for such a brief portion of the workday."  *Id.* at 1054.

Plaintiff also asserts that Dr. Koren and Ms. Smith's opinions are consistent with the opinion of Amita Oza, M.D., who examined Plaintiff in October 2014.  Dr. Oza noted that Plaintiff has a history of uncontrolled hypertension, diabetes with diabetic peripheral neuropathy, and arthritis in his back, knees, and hips.  She opined, "Based on my examination, work-related activities are affected due to above-mentioned problems."  *Id.* at 436.  Upon examination, she noted that Plaintiff's range of motion at C-spine and LS spine was restricted.  *Id.* at 435.  He was without edema.  *Id.*  Range of motion at his hips caused discomfort and at his knees caused pain.  *Id.*  Sensory examination to pinprick, touch, and vibration is diminished in stocking distribution.  *Id.*  She noted that Plaintiff was using a cane, "which is mandatory."  *Id.*  She also noted that Plaintiff "cannot stand for more than five minutes."  *Id.*  However, it is not clear whether that is her opinion or if it is what Plaintiff reported.  To the extent that it is Dr. Oza's opinion, it is conclusory and therefore, properly discounted by the ALJ.  *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 286 (6th Cir. 2009) (citing *Buxton v. Halter,* 246 F.3d 762, 773 (6th Cir.2001)) ("Conclusory statements from physicians are properly discounted by ALJs.").  Furthermore, the ALJ reasonably discounted Dr. Oza's opinions because, as the ALJ correctly observed, Dr. Oza gave very few specific recommendations regarding Plaintiff's work-related functional limitations.

Finally, the ALJ reasonably discounted Dr. Koren and Ms. Smith's opinion that Plaintiff could only sit for ten to fifteen minutes at a time for a total of thirty minutes because it was not consistent with Plaintiff's behavior at the hearing, where he sat for over forty minutes.  (Doc. #9, *PageID* #1054).  *See Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x 162, 171 (6th Cir. 2016) (citing *Martin v. Sec'y of Health and Human Servs.*, 735 F.2d 1008, 1010 (6th Cir. 1984) ("observations

10

of a claimant's behavior at a hearing are 'material, relevant, and admissible' factors for the ALJ's consideration."); *Singleton v. Astrue*, 832 F.Supp.2d 864, 872-73 (S.D. Ohio 2011) (finding it was permissible for the ALJ to discredit Plaintiff's testimony based, in part, on inconsistencies between medical evidence, Plaintiff's testimony, and ALJ's observations at hearing).

In sum, the ALJ provided clear rationale, supported by substantial evidence, for assigning little weight to the opinions of Dr. Koren and Ms. Smith.

## IT IS THEREFORE RECOMMENDED THAT:

1.      The ALJ's partial non-disability decision be affirmed; and

2.      The case be terminated on the Court's docket.


July 27, 2021                                           *s/Peter B. Silvain, Jr.*
                                                        Peter B. Silvain, Jr.
                                                        United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).